UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                      :
MOSES BETHUNE,                                                        :
                                                                      :
                                            Plaintiff,               :          10 Civ. 9070 (PAE)
                          -v-                                         :
                                                                      :          OPINION & ORDER
AMAURI MARIA, et al.                                                 :
                                                                      :
                                            Defendants.              :
                                                                      :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

        Defendants the United States Navy, Recruiting Officer Amauri Maria, Commander Susan

McNinch, and Secretary of the Navy Richard Danzig move pursuant to Federal Rules of Civil

Procedure 12(b)(1) and (b)(6) to dismiss the Complaint of *pro se* plaintiff Moses Bethune, who

seeks $20 million in damages in connection with the Navy's denial of his application for

enlistment.  For the following reasons, defendants' motion to dismiss is granted.

I.      **Background**[1]

        On or about July 9, 2010, Bethune visited a Navy recruiting office on Fordham Road in

the Bronx and inquired about opportunities for enlistment.  On or about July 14, 2010, Bethune

returned for further discussions, and spoke with defendant Recruiting Officer Maria.  During the

July 14 visit, defendant Maria performed a background check on Bethune which revealed a

criminal record, to wit, a charge of unlawful gun possession.  Bethune claims that Maria falsely

---

[1] The Court's account of the underlying facts in this case is drawn from the plaintiff's Complaint
(Dkt. 2).  The Complaint appends a number of documents, including a records release form
Bethune signed in aid of his background check, letters regarding Bethune's complaint to Senator
Charles E. Schumer, and portions of his criminal record.  Except where specifically referenced,
no further reference to the Complaint will be made.  In the context of a motion to dismiss, the
Court assumes the truth of all properly pled allegations and draws all inferences in favor of
Bethune.

told him that the background check had been conducted by the FBI, and that after telling Bethune of the results of the background check, Maria handed him a number of documents, including records from the Bronx Criminal Court detailing the gun possession charge. Bethune claims that Maria told him his enlistment application was rejected on the basis of that charge. Bethune claims, however, that he had never been convicted of that charge, that he was given "youthful offender" status in relation to the charge, and that any record of the charge should have been sealed. Bethune claims that when he asked Maria how this criminal record had been found, Maria told him not to "worry about it."

Bethune claims that, approximately one week later, he attempted to follow up on the rejection of his application with another Navy recruiter at a station on West 125th Street in Manhattan, with no success. On or about July 23, 2010, Bethune claims that he went to the Bronx Supreme Court to obtain a copy of his criminal record. He asserts that the copy he received was different from the documents he had been shown by defendant Maria, and that the employee he dealt with told him that it is against court policy to divulge sealed information to the Navy.

Bethune thereafter contacted Senator Charles Schumer; he claims that Senator Schumer's staff further inquired on Bethune's behalf. By letter dated August 11, 2010, a non-defendant responded to Senator Schumer's office on behalf of the Navy, stating that the Navy had conducted a routine background check that, with Bethune's consent, included a check of "all pre-service criminal involvement regardless of age or final disposition, whether the record has been sealed, expunged, or dismissed," and that "applications for Navy enlistment are not being

accepted from individuals, such as Mr. Bethune, with a felony record."  Dkt. 2-2 at 9–10.[2]
Senator Schumer's office thereafter forwarded a copy of this response to Bethune.

Bethune then went to yet another Navy recruiting station, and was told that the Navy
would not accept his application due to the gun possession charge.  On or about August 25, 2010,
Bethune returned to the Bronx Supreme Court to run yet another check of his criminal record.
This check, a record of which appears to be appended to Bethune's Complaint, *see* Dkt. 2-2 at
10–19, reflects the youthful offender gun possession charge as well as a number of other
charges.[3]

Finally, Bethune claims, during a discussion on an unspecified date with a retired Navy
recruiter, he was told that the Navy had improperly accessed and used Bethune's criminal record.

Bethune's Complaint, dated November 30, 2010, seeks $20 million in damages for the
Navy's alleged defamation of his character for using a youthful offender charge—what Bethune
refers to as a "non crime"—as a basis for rejecting his application for enlistment.  Bethune also
complains of: (1) the Navy's alleged illegal acquisition and possession of his sealed court record;
(2) the acquisition and possession of such records without Bethune's permission; (3) Maria's
alleged lie to Bethune that the FBI had conducted the background check; and (4) the Navy's use

---

[2] Because of the size of Bethune's submission, the Electronic Case Filing docket for this case has
divided his Complaint, docket entry 2, into two subparts.  References to the first subpart appear
as "Dkt. 2-1" and references to the second subpart appear as "Dkt. 2-2."

[3] When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider
documents that are referenced in the complaint, documents that the plaintiff relied on in bringing
suit and that are either in the plaintiff's possession or that the plaintiff knew of and relied on
when bringing suit, or matters of which judicial notice may be taken.  *See Chambers v. Time
Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776
(2d Cir. 2002).  Here, the criminal record information is both appended to Bethune's complaint,
and is a matter of which the Court may properly take judicial notice in the context of a motion to
dismiss.  *See Ahlers v. Rabinowitz*, No. 08-cv-11091, 2009 U.S. Dist. LEXIS 115420, at *12
(S.D.N.Y. Nov. 24, 2009) (taking judicial notice of plaintiff's criminal record on motion to
dismiss) (citing Fed. R. Evid. 201; *Cerasani v. SONY Corp.*, 991 F. Supp. 343, 353 (S.D.N.Y.
1998)).

[3]

of these records "maliciously, and with extreme prejudice" to deny Bethune his "right to enlist into and serve in the United States Navy." Dkt. 2-1 at 5.  Bethune also alleges that the Navy violated an unspecified First Amendment right and "citizenship rights" under the Fourteenth Amendment.  *Id.* at 2, 6.

Bethune's Complaint, liberally construed, asserts claims against the defendants only in their official capacities.  *See, e.g.*, Dkt. 2-1 at 4 ("I am suing *the United States Navy* for 20 million dollars . . . ") (emphasis added); *id.* at 5 ("Reason(s) for litigation against: *The Department of the Navy of the United States*") (emphasis added).  The text of the Complaint is reasonably susceptible of no other interpretation.  The Court construes Bethune's Complaint to raise these two claims:  (1) violations of the First and Fourteenth Amendments to the United States Constitution; and (2) a tort claim of defamation under New York law.

On September 12, 2011, defendants filed a motion to dismiss.  They argue that (1) the Court lacks subject matter jurisdiction to award damages based on the rejection of Bethune's application because the government has not waived sovereign immunity on Bethune's claims, and, in any event, there is no constitutional right to enlist in the military; (2) the Navy's conduct was proper because Bethune's criminal history presumptively disqualified him from enlisting in the Navy, Bethune authorized the criminal record check, and any misleading information given by defendant Maria is not actionable; and (3) any tort claim must be dismissed on the basis of sovereign immunity because Bethune did not comply with the procedural requirements of the Federal Tort Claims Act.

Bethune's opposition to this motion was originally due October 28, 2011; Bethune did not submit an opposition.  By Order dated November 4, 2011, the Court directed Bethune to submit an opposition to defendants' motion by November 23, 2011 or the Court would consider

the motion unopposed.  To date, no responsive submission has been received.  The Court

therefore considers the matter fully submitted and decides this motion without the benefit of any

briefing from Bethune.

## II.   Discussion

### A.   Applicable Legal Standards – Rules 12(b)(1) and (b)(6)

#### 1.   Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v.*

*United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff asserting subject matter jurisdiction

has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l*

*Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted).  "The court must take

all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,

but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the

pleadings inferences favorable to the party asserting it." *Id.*  Additionally, the Court may

properly refer to matter outside the pleadings when considering the existence of jurisdiction on a

motion pursuant to Rule 12(b)(1).  *Makarova*, 201 F.3d at 113.

#### 2.   Rule 12(b)(6)

A plaintiff's failure to oppose a 12(b)(6) motion does not by itself merit dismissal of a

complaint.  *See Goldberg v. Danaher*, 599 F.3d 181, 183–84 (2d Cir. 2010); *McCall v. Pataki*,

232 F.3d 321, 322–23 (2d Cir. 2000).  "[T]he sufficiency of a complaint is a matter of law that

the court is capable of determining based on its own reading of the pleading and knowledge of

the law.  If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's

failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Goldberg*, 599 F.3d at

[5]

184 (citing *McCall*, 232 F.3d at 322–23).  Consequently, as with all Rule 12(b)(6) motions, in deciding an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency" according to the principles ordinarily applicable on a motion to dismiss.  *McCall*, 232 F.3d at 322.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Despite the well-established rule in this circuit that *pro se* submissions are to be liberally construed and interpreted to raise "the strongest arguments they suggest," *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006), the plausibility standard applies equally to *pro se* complaints.  *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *Okoh v. Sullivan*, No. 11-1303-cv, 2011 U.S. App. LEXIS 25117, at *2–3 (2d Cir. Dec. 19, 2011) (summ. order).

To state a claim for relief that is facially plausible, an allegation must be "more than an unadorned, the-defendant-unlawfully-harmed me accusation"; a claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Accordingly, where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.  In making this determination, the Court must accept as true all well-pleaded factual allegations in the Complaint, and "draw[ ] all inferences in the plaintiff's favor." *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006) (internal quotation marks and citation omitted).

[6]

**B.**     **Bethune's Claims**

As stated above, the Court construes Bethune's Complaint to assert (1) a violation of his First and Fourteenth Amendment rights, insofar as he was denied the privilege to enlist in the military; and (2) a claim of defamation under New York law.  The Court addresses these claims in turn.

**1.**     **Bethune's claim that his rights were violated by the rejection of his enlistment application**

Bethune claims that he was denied his constitutional rights by being rejected for enlistment by the Navy.  As a threshold matter, the Court lacks jurisdiction to entertain this claim because Congress has not waived the United States' sovereign immunity on claims of this kind. The Court has construed the Complaint to sue the defendants only in their official capacities, and it is well established that "a suit against a federal employee in his official capacity is a suit against the government and Congress has not waived the government's sovereign immunity . . . from lawsuits based on constitutional claims."  *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999) (citing 28 U.S.C. § 1346; *FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994); *Chen v. United States*, 854 F.2d 622, 625–26 (2d Cir. 1988) (government's waiver of sovereign immunity under FTCA does not extend to claims based on "direct violations of the Federal Constitution . . . or of federal statutes or regulations standing alone")).  Accordingly, the claim must be dismissed under Rule 12(b)(1) for want of jurisdiction.

However, even if Bethune's Complaint could be credibly interpreted to sue the defendants in their individual capacities—which it cannot—Bethune's claim would still fail, not for want of jurisdiction, but under Rule 12(b)(6).  Claims for money damages based on constitutional violations by federal officers in their individual capacities are generally cognizable only under the doctrine of *Bivens v. Six Unknown Named Agents of the Federal Bureau of*

[7]

*Narcotics*, 403 U.S. 388.  The elements of a *Bivens* claim are (1) "that a defendant acted under color of federal law" (2) "to deprive plaintiff of a constitutional right."  *Bender v. GSA*, 539 F. Supp. 2d 702, 707 (S.D.N.Y. 2008) (Lynch, J.) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir.1995)).  Here, a *Bivens* claim by Bethune would necessarily fail because "no one has an individual right, constitutional or otherwise, to enlist in the armed forces, the composition of those forces being within the purview of the Congress and the military."  *Maier v. Orr*, 754 F.2d 973, 980 (Fed. Cir. 1985) (citing *Gilligan v. Morgan*, 413 U.S. 1, 6 (1973), *Lindenau v. Alexander*, 663 F.2d 68, 72 (10th Cir. 1981)); *see also Dodson v. Dep't of the Army*, 988 F.2d 1199, 1203–04 (Fed. Cir. 1993) ("no one has a right to enlist or reenlist in the armed forces unless specially given one by statute or regulation."); *Crawford v. Cushman*, 531 F.2d 1114, 1125 (2d Cir. 1976) ("one does not have a constitutional right to remain in the armed services").

Additionally, even if it were argued that a statute or regulation barring convicted felons from enlisting in the Navy negatively implied a right to enlist in all other circumstances, that would not assist Bethune.  The applicable statutes and regulations clearly empower the Navy to deny enlistment to a convicted felon, *see* 10 U.S.C. § 504(a) ("No person . . . who has been convicted of a felony, may be enlisted in any armed force.  However, the Secretary concerned may authorize exceptions in meritorious cases . . . ."); 32 C.F.R. §§ 96.1–96.6 (mandating criminal background checks for enlistment applicants and requiring that criminal history information must be collected "with respect to any *juvenile* or adult *arrest*, *citation*, or conviction.") (emphasis added), and Bethune's criminal record, cognizable here, makes clear that he is such a felon, twice over.  *See* Dkt. 2-2 at 15, 19 (criminal record demonstrating that Bethune has been convicted of unlawful gun possession, a Class D felony, and sale of crack cocaine, a Class B felony).  Thus, even if the Court had jurisdiction to reach the merits of

[8]

Bethune's Complaint, his rights were, clearly, not violated by the denial of his enlistment application.

### 2.     Bethune's defamation claim

The Court has also construed Bethune's Complaint to claim that the defendants' use of "sealed" criminal records in denying his enlistment application constitutes defamation under New York law.  As discussed above, the United States retains sovereign immunity "save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)) (internal quotation marks and additional citations omitted).  The Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 2671 *et seq.*, waives sovereign immunity only "subject to numerous conditions, each of which must be satisfied for a court to exercise jurisdiction."  *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004).  Bethune has failed to satisfy at least two of those conditions.

First, the FTCA excepts defamation claims from the waiver of sovereign immunity.  *See* 28 U.S.C. § 2680(h); *Siegert v. Gilley*, 500 U.S. 226, 233–34 (1991) ("This is not a suit against the United States under the Federal Tort Claims Act—such a suit could not be brought, in the light of the exemption in that Act for claims based on defamation, *see* 28 U.S.C. § 2680(h).")  Thus, the United States and its officers sued in their official capacities retain immunity from such claims.

Second, Bethune has not complied with the FTCA's requirement that the agency being sued receive advance notice and an opportunity to resolve this dispute without litigation.  *See* 28 U.S.C. § 2675(a).  That requirement applies equally to both counseled and *pro se* parties.  *Adeleke*, 355 F.3d at 153 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).  It is,

[9]

further, non-waivable. *See McNeil*, 508 U.S. at 107; *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived.") And it is undisputed that Bethune did not submit a notice to the Navy seeking to resolve this grievance before filing suit. *See* Decl. of Patricia Leonard 2 (Dkt. 19).[4] Accordingly, defendants the United States and its officers acting in their official capacities are immune from Bethune's defamation claim, and the Court lacks jurisdiction to consider it.

## CONCLUSION

For the foregoing reasons, the Court lacks jurisdiction to hear either of Bethune's claims, and defendants' motion to dismiss the Complaint pursuant to Rules 12(b)(1) and (b)(6) is, therefore, granted. The Clerk of Court is directed to terminate the motion at docket number 17 and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: March 16, 2012
New York, New York

---

[4] As noted *supra*, the Court may properly consider matters outside the pleadings in considering a motion to dismiss pursuant to Rule 12(b)(1). *See Makarova*, 201 F.3d at 113.